Filed this 20th Day of November, 2017 In Open Court
—RSA
Case 1:16-cr-00089-RGA Document 24 Filed 11/20/17 Page 1 of 8 PageID #: 45

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

v.   Criminal Action No. 16-89-RGA

NOEL RODRIGUEZ,

Defendant.

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through David C. Weiss, Acting United States Attorney for the District of Delaware, and Elizabeth L. Van Pelt, Assistant United States Attorney, and the defendant, Noel Rodriguez, by and through his attorney, Akin Adepoju, Assistant Federal Defender, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty to Count One of the Indictment, which charges him with Federal Program Theft, in violation of 18 U.S.C. § 666. That offense carries a maximum penalty of 10 years imprisonment, three years of supervised release, a fine of $250,000, and a $100 special assessment. At or about the time of sentencing, the government agrees to dismiss the remaining charges in Counts Two, Three, and Four of the Indictment.

2.  The defendant understands that if there were to be a trial, the government would have to prove beyond a reasonable doubt the following elements of Federal Program Theft, as alleged in Count One of the Indictment: (1) at the time alleged in the Indictment, the defendant was an agent of an organization that received federal benefits in excess of $10,000 during the calendar year; (2) the

defendant stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied property that was owned by, or in the care, custody or control of the organization; and (3) the value of the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied, was at least $5,000.

3.  The defendant knowingly, voluntarily, and intelligently admits that he is in fact guilty of Count One of the the Indictment. The defendant stipulates and agrees that the loss resulting from the defendant's conduct and the conduct for which the defendant is held responsible pursuant to the United States Sentencing Guideline ("U.S.S.G.") § 1B1.3(a) (relevant conduct) is more than $95,000.

4.  Provided that the government does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a). Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

5.  The defendant understands that there may be other or further applicable enhancements under the United States Sentencing Guidelines, and nothing in this memorandum precludes the government from seeking to apply such

enhancements.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of the defendant's attorney or the government, the defendant will not be allowed to withdraw the guilty plea on that basis.

7. The defendant agrees that he is responsible to pay restitution in the amount of at least $145,480.

8. The defendant agrees that a $100 special assessment will be due at the time of sentencing.

9. If the defendant cannot pay the special assessment, restitution, and/or any fine imposed by the Court as part of the defendant's sentence, and the defendant is incarcerated as part of the sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the

defendant's behalf to the payment of the outstanding debt ordered.

10. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

a) The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than thirty (30) days subsequent to the defendant's change of plea hearing, the defendant will submit a completed sworn financial statement ("Financial Statement") to the United States Probation Office ("USPO"), in the form the USPO provides and as it directs. The defendant will also provide to the USPO any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

b) Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide to the government any additional supporting documentation beyond that provided to the USPO in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. The defendant agrees that, at the discretion of the government, the defendant will

participate in a deposition in aid of collection of restitution, which may occur any time between the entry of the guilty plea and entry of judgment.

      c) Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (v) void this Plea Agreement in its entirety.

    11.    The defendant agrees to forfeit all right, title, and interest in any and all property which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of the commission of the offenses alleged in Counts One through Four of the Indictment ("the Property"). The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the

judgment. The defendant acknowledges that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

12. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw the guilty plea on that basis.

13. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

14. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or

motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255. Notwithstanding the forgoing, the defendant reserves the right (1) to file an appeal or other collateral motion on the grounds of ineffective assistance of counsel; and (2) to appeal if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

15. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____  BY: _____
Akin Adepoju, Esquire                   Elizabeth L. Van Pelt
Attorney for Defendant                  Assistant United States Attorney

DAVID C. WEISS
Acting United States Attorney

_____
Noel Rodriguez
Defendant

Dated: November 20, 2017

AND NOW this 20 day November, 2017, the foregoing Memorandum of Plea Agreement is hereby [accepted / rejected] by the Court.

_____
Honorable Richard G. Andrews
United States District Court

8